IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| JUAN HERNANDEZ,<br><br>　　Plaintiff,<br><br>vs.<br><br>AERO SERVICES GROUP, INC.,<br><br>　　Defendant. | CASE NO. _____<br><br><br>PETITION AT LAW<br>AND JURY DEMAND |

COMES NOW Plaintiff, by and through his undersigned counsel, and in support of his Petition at Law and Jury Demand, states to the Court the following:

## INTRODUCTION

1. This is an action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., ("FLSA") brought by Plaintiff against Defendant.

2. Defendant employed Plaintiff as a salaried employee within the meaning of the FLSA at some point during the three years preceding the filing of this action.

3. Plaintiff began working for Defendant as a "Kitchen Manager" in July 2023. Prior to this, Plaintiff was employed as an hourly worker for Defendant.

4. Throughout Plaintiff's employment, Defendant failed to post the required FLSA notice in the workplace, depriving employees, including Plaintiff, of critical information regarding their rights under federal wage and hour laws. As a result, the statute of limitations on Plaintiff's claims should be equitably tolled.

5. Plaintiff seeks damages for unpaid overtime compensation for the entire period of his employment with Defendant, including the time preceding the standard three-year limitations period, due to the tolling of the statute of limitations.

## JURISDICTION AND VENUE

**EXHIBIT C**

6. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this county because Plaintiff worked for Defendant in Des Moines, Polk County, Iowa and Defendant has conducted business within this county during all periods relevant to this action.

## PARTIES

8. Plaintiff is a resident of Des Moines, Polk County, Iowa and was employed by Defendant during the relevant time period.

9. Defendant is a corporation with its principal place of business in St. Louis Park, Minnesota that owns and operates various airport restaurants, including Portermill at the Des Moines International Airport in Des Moines, Polk County, Iowa.

10. At all relevant times, Defendant employed Plaintiff and was responsible for maintaining compliance with the FLSA's wage and hour requirements.

## FLSA COVERAGE

11. During the employment of Plaintiff, he was engaged in commerce or in the production of goods for commerce.

12. During the employment of Plaintiff, Defendant constituted an employer within the meaning of the FLSA.

13. During the employment of Plaintiff, he constituted an employee within the meaning of the FLSA.

14. During the employment of Plaintiff, Defendant constituted an enterprise that was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

15. Defendant owns and operates airport restaurants throughout the United States.

16. Defendant's website states:

2

> Aero Service Group (ASG) is a minority owned Airport Concessions Disadvantaged Business Enterprise (ACDBE). ASG owns and operates restaurants in Minnesota, Maryland, Iowa and Tennessee (opening 2021). We also have joint venture partnerships in those and other airports around the United States. In addition, we have proven to be a partner with our airports through Management Contracts in certain circumstances. Our mission is to be the restaurant of choice for travelers by providing comfort, superior quality products and exceptional service to our guests. Through our integrity, leadership and dedication, we strive to enrich the lives of our associates. Our goal is to maintain the integrity of our operations while consistently providing strong financial results.

https://aeroservicegrp.com/about-us/

17. While working as an hourly employee, Plaintiff was regularly scheduled to work five days per week. However, management frequently required him to work a sixth day without clocking in, resulting in unpaid labor.

19. Although Plaintiff received compensation for some overtime hours, he was not paid for all overtime worked. Additionally, he was often required to continue working after clocking out, further depriving him of wages owed under the FLSA.

20. Due to the already excessive hours he was working, Plaintiff was initially reluctant to accept a salaried managerial position. However, Defendant's management assured him that he would work a standard 40-hour workweek and that his salary would be equivalent to his previous earnings.

21. Contrary to these assurances, Plaintiff regularly worked more than 40 hours per week in the salaried position but was not compensated for overtime. In fact, the misclassification resulted in Plaintiff earning less overall than when he was classified as an hourly employee.

22. Plaintiff was not paid at a rate of at least one and a half times his hourly rate for hours worked beyond 40 per week, as required by the FLSA.

23. Despite his new job title, Plaintiff's duties remained materially unchanged from those he performed as an hourly worker.

24. Defendant misclassified Plaintiff as a salaried exempt employee, thereby denying

him overtime compensation.

25.    As a result of Defendant's actions, Plaintiff was systematically underpaid for his labor.

26.    Defendant's failure to post the required FLSA notice, combined with its ongoing pattern of requiring off-the-clock work and misclassifying employees, demonstrates a willful or reckless disregard for its legal obligations under the FLSA.

## CLAIM FOR RELIEF

27.    Defendant willfully and improperly classified Plaintiff as a salaried exempt employee under the FLSA. Under 29 C.F.R. § 541.100(a), an employee may only be classified as exempt under the "executive exemption" if they have primary managerial duties, exercise meaningful authority over other employees, and meet other statutory requirements. Plaintiff's job duties did not meet the criteria for "executive exemption." Despite being given the title of "Kitchen Manager," his actual responsibilities remained the same as when he was classified as an hourly worker, and he lacked meaningful discretion over business operations. Plaintiff did not have authority over hiring, firing, scheduling, or other core management functions. Defendant's misclassification of Plaintiff as an exempt employee resulted in the unlawful denial of overtime compensation for all hours worked beyond 40 per week.

28.    Under the FLSA, it is the employer's legal duty to maintain accurate records of employee work hours and to compensate employees for all time worked. Defendant failed to meet this obligation in multiple ways:

    a) While classified as an hourly employee, Plaintiff was required to work off-the-clock hours that were neither recorded nor paid.

    b) Management frequently required Plaintiff to work a sixth day per week without clocking in.

4

    c) Plaintiff was required to continue working after clocking out, resulting in additional unpaid overtime.

    d) After misclassifying Plaintiff as exempt, Defendant required him to work well beyond 40 hours per week.

    e) Defendant never posted the required FLSA notice in the workplace. As a result, Plaintiff and other employees were deprived of critical information regarding their rights under federal wage and hour laws.

29. As a result of Defendant's FLSA violations, Plaintiff has suffered financial harm in the amount of the difference between the overtime compensation that he was actually paid and the amount of overtime compensation that he should have been paid in accordance with the FLSA's overtime provisions.

30. Plaintiff is entitled to recover:

    a) The difference between the overtime compensation he was actually paid and the full amount he should have received;

    b) Compensation for all unpaid overtime hours worked while classified as both an hourly and salaried employee;

    c) Liquidated damages equal to the amount of unpaid wages, as permitted under the FLSA; and

    d) Attorneys' fees, costs, and any other relief deemed appropriate by the Court.

WHEREFORE, Plaintiff prays for judgment against Defendant sufficient to compensate him and the putative collective for the earned unpaid compensation that Defendant owes him, together with reasonable attorney fees, liquidated damages, the costs of this action, and interest thereon as provided by law.

/s/ *Harley C. Erbe*

**Harley C. Erbe, AT0002430**
ERBE LAW FIRM
2501 Grand Avenue, First Floor
Des Moines, Iowa 50312
Office: (515) 281-1460
Mobile: (515) 229-0202
Facsimile: (515) 384-0084
E-Mail: harleyerbe@erbelaw.com

/s/ J. Barton Goplerud

**J. Barton Goplerud, AT0002983**
**Brian O. Marty, AT0011622**
**Madeleine Miller, AT0015295**
SHINDLER ANDERSON GOPLERUD & WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa  50265-5749
Telephone:     (515) 223-4567
Facsimile:     (515) 223-8887
Email: goplerud@sagwlaw.com
Email: marty@sagwlaw.com
Email: mmiller@sagwlaw.com

ATTORNEYS FOR PLAINTIFFS