**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| JUAN HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>AERO SERVICE GROUP, INC.,<br><br>    Defendant. | Case No.: 4:25-CV-00124-SHL-SBJ<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT** |

Defendant Aero Service Group, Inc. ("Aero"), for its Answer and Affirmative Defenses to the Complaint of Plaintiff Juan Hernandez ("Plaintiff") in the above-captioned matter, hereby answers, states, and alleges as follows:

**INTRODUCTION**

1. Aero admits that Plaintiff purports to bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), but denies any violation of that statute, denies any legal wrongdoing, and denies that Plaintiff is entitled to any relief in this matter whatsoever.

2. Aero admits that it employed Plaintiff from on or about June 16, 2017, until on or about April 12, 2024, when Plaintiff voluntarily and resigned his employment. The remaining allegations contained in Paragraph 2 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, Aero states that the FLSA speaks for itself, but denies any violation of that statute, denies any legal

wrongdoing, and denies that Plaintiff is entitled to any relief in this matter whatsoever.

3.   Aero admits that it promoted Plaintiff to the exempt role of Kitchen Manager on or about July 27, 2023, and that prior to that date Plaintiff was employed in a non-exempt role. Aero denies each and every remining allegation contained in Paragraph 3 of the Complaint.

4.   Aero denies the allegations contained in Paragraph 4 of the Complaint.

5.   Aero admits that Plaintiff purports to seek damages under the FLSA but denies any violation of that statute, denies any legal wrongdoing, denies any tolling of the applicable statute of limitations, and denies that Plaintiff is entitled to any relief in this matter whatsoever.

## JURISDICTION AND VENUE

6.   Aero admits that Plaintiff alleges that jurisdiction is proper in this Court but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.  To the extent Paragraph 6 of the Complaint sets forth legal conclusions, no answer is required.  To the extent an answer is required, Aero denies.

7.   Aero admits that Plaintiff alleges that venue is proper in this Court but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.  To the extent Paragraph 7 of the Complaint sets forth legal conclusions, no answer is required.  To the extent an answer is required, Aero denies.

## PARTIES

8.   Aero lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies the

same.

9. Aero admits the allegations contained in Paragraph 9 of the Complaint.

10. Aero admits that it is subject to the FLSA. Aero lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

## FLSA COVERAGE

11. Paragraph 11 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, Aero denies.

12. Paragraph 12 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, Aero states that the FLSA speaks for itself, but denies any violation of that statute, denies any legal wrongdoing, and denies that Plaintiff is entitled to any relief in this matter whatsoever.

13. Paragraph 13 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, Aero states that the FLSA speaks for itself, but denies any violation of that statute, denies any legal wrongdoing, and denies that Plaintiff is entitled to any relief in this matter whatsoever.

14. Paragraph 14 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, Aero states that the FLSA speaks for itself, but denies any violation of that statute, denies any legal wrongdoing, and denies that Plaintiff is entitled to any relief in this matter whatsoever.

## FACTUAL ALLEGATIONS

15. Aero admits the allegations contained in Paragraph 15 of the Complaint.

16. Aero admits that the content of its website speaks for itself. To the extent Plaintiff has misstated or misquoted Aero's website content, Aero denies. Aero denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Aero denies the allegations contained in Paragraph 17 of the Complaint.

18. Plaintiff's Complaint does not include a Paragraph 18 and, therefore, no answer is required. To the extent an answer is required, Aero denies.

19. Aero denies the allegations contained in Paragraph 19 of the Complaint.

20. Aero denies the allegations contained in Paragraph 20 of the Complaint.

21. Aero admits that as an exempt employee Plaintiff was at times required to work more than 40 hours per week. Aero denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, Aero denies.

23. Aero denies the allegations contained in Paragraph 23 of the Complaint.

24. Aero denies the allegations contained in Paragraph 24 of the Complaint.

25. Aero denies the allegations contained in Paragraph 25 of the Complaint.

26. Aero denies the allegations contained in Paragraph 26 of the Complaint.

## CLAIM FOR RELIEF

27. Aero denies the allegations contained in in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, Aero states that the FLSA speaks for itself, but denies any violation of that statute, denies any legal wrongdoing, and denies that

Plaintiff is entitled to any relief in this matter whatsoever.

29. Aero denies the allegations contained in in Paragraph 29 of the Complaint.

30. Aero denies the allegations contained in Paragraph 30 of the Complaint.

31. Plaintiff's WHEREFORE clause contains allegations to which an answer is not required. To the extent an answer is required, Aero denies that Plaintiff is entitled to any relief whatsoever, and further denies that Aero has committed any unlawful or wrongful act with respect to this matter.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff has failed to institute this action within the time required by the applicable statute of limitations and, therefore, his claims for relief are barred.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of latches, waiver, ratification, consent, estoppel, after acquired evidence, unclean hands, and other equitable defenses.

4. Plaintiff's claims are barred, in whole or in part, by his failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

5. To the extent Plaintiff has failed to exhaust his administrative remedies, his claims for relief are barred.

6. At all times relevant to this action, Aero has acted in good faith toward Plaintiff and acted in compliance with all applicable laws.

7. Plaintiff's claims are barred by the doctrine of after acquired evidence.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed, or refused and/or neglected, to mitigate or avoid any damages he claims to have suffered.

9. Plaintiff's Complaint fails to state facts sufficient to state a claim to support an award of actual, compensatory, liquidated, punitive, or other damages or civil penalties against Aero, and Plaintiff's requested relief exceeds that authorized by applicable law.

10. Plaintiff's Complaint and each cause of action thereof fail to state valid claims for attorneys' fees.

11. To the extent Plaintiff has suffered any damages, such damages were caused by and are the responsibility of persons, parties, or entities other than Aero.

12. Plaintiffs' claims alleging violation of the FLSA fail to establish the necessary elements for a legal claim upon which relief may be granted, and accordingly, should be dismissed.

13. Aero relies on all defenses, express or implied, contained in the Federal or Iowa Statutes or at common law.

14. Pending the conclusion of further discovery and investigation, Aero respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Aero prays for the following relief from the Court:

1. Judgment in Aero's favor dismissing Plaintiff's Complaint on the merits, with prejudice, and in its entirety;

2. An Order awarding Aero its attorneys' fees, costs and disbursements incurred herein, as appropriate; and

3. For such further and other relief as the Court deems just and equitable.

/s/ Frances M. Haas, AT0009838
NYEMASTER GOODE, P.C.
625 First Street SE, Suite 400
Cedar Rapids, IA  52401
Telephone:  (319) 286-7000
Facsimile:  (319) 286-7050
Email:  fmhaas@nyemaster.com

and
**LATHROP GPM LLP**

Caitlin R. Gehlen (MN #0398472)
    (*pro hac vice forthcoming*)
3100 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  612.632.3000
Caitlin.Gehlen@lathropgpm.com

**ATTORNEYS FOR DEFENDANT
AERO SERVICES GROUP, INC.**

**CERTIFICATE OF SERVICE**

      I certify that on April 10, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

**Harley C. Erbe, AT0002430**
ERBE LAW FIRM
2501 Grand Avenue, First Floor
Des Moines, Iowa 50312
Office: (515) 281-1460
Mobile: (515) 229-0202
Facsimile: (515) 384-0084
E-Mail: harleyerbe@erbelaw.com


**J. Barton Goplerud, AT0002983**
**Brian O. Marty, AT0011622**
**Madeleine Miller, AT0015295**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
Email: goplerud@sagwlaw.com
Email: marty@sagwlaw.com
Email: mmiller@sagwlaw.com

**ATTORNEYS FOR PLAINTIFFS**


                                                 */s/ Shannon Greenman*