IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Juan Hernandez<br><br>  Plaintiff(s),<br><br>vs.<br><br>Aero Service Group, Inc.<br><br>  Defendant(s). | CASE NO. 4:25-cv-000124-SHL-SBJ<br><br>STIPULATED PROTECTIVE ORDER |

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

    1.    As used in this Stipulated Protective Order ("Protective Order"), these terms have the following meanings:

    "Attorneys" means counsel of record;

    "Confidential" documents or information are documents or information designated "Confidential" pursuant to paragraphs 2 or 8;

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its attorneys; and

    "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A party may designate a document "confidential" to protect information within the scope of Fed. R. Civ. P. 26(c), including:

(a) Information prohibited from disclosure by statute;

(b) Information that reveals trade secrets;

(c) Research, technical, commercial, or financial information that the party has maintained as confidential;

(d) Medical information concerning any individual;

(e) Personal identity information;

(f) Income tax returns; and

(g) Personnel or employment records of a person who is not a party to the case.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. However, nothing in this Protective Order applies to a party's own use of material it designated pursuant to this Order. Further, this Protective Order does not prohibit either party from using materials already in its possession prior to this litigation in any other litigation, arbitration, mediation, or legal proceeding.

4. Access to any Confidential document shall be limited to:

(a) The Court and its staff;

(b) Attorneys, their law firms, and their Outside Vendors;

81108122.v1

  (c) Persons shown on the face of the document to have authored or received it (not including a person who received the document solely in the course of litigation);

  (d) Court reporters retained to transcribe testimony;

  (e) The parties and the officers and employees of any party who need this information in order to do their jobs;

  (f) Outside independent persons (i.e., persons not currently or formerly employed by any party) who are retained by a party or its attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical, consulting, or expert services, and/or to give testimony in this action;

  (g) During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

  (h) Any mediator hired by the parties, and;

  (i) Any other individual agreed upon by the parties in writing.

  5. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order pursuant to their internal record retention practices.

  6. Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the actions. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their

production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

7.  Each person appropriately designated pursuant to paragraphs 4(f) and 4(i) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.

Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosures shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8.  All depositions or portions of depositions (including any relevant exhibits) taken in this action that contain Confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14- day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

81108122.v1

9. Any party who inadvertently fails to identify documents as "Confidential" shall, within 21 days of the discovery of its oversight, provide written notice of the error to the other parties and substitute appropriately designated documents. Any party receiving such improperly designated documents shall, upon notice, retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents and confirm that they have done so in writing to the designating party.

10. If a party files a document containing Confidential information with the Court, it must be sealed and filed in compliance with applicable Federal Rules and Local Rules. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections from the Court against public disclosure. The parties may make recommendations to the Court regarding handling of Confidential documents at trial, but the presiding judge will make the ultimate decision.

11. Any party may object to the propriety of the designation of the documents as "Confidential" by serving a written objection on the designating party's counsel. If the designating party fails to agree to remove or modify the designation in accordance with the objection within 10 days of its receipt of the written objection, the non-designating party may move the Court for an Order declaring such material not Confidential. The party asserting the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26 (c).

12. Upon final disposition of this action and upon written request of the designating party, the non-designating party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within 30 days of the designating party's request. However, attorneys shall be entitled to retain a set of all documents pursuant to their respective internal document retention policies. In addition, attorneys shall be entitled to retain all correspondence and attorneys' notes or other work product generated in connection with the action.

13. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this actions. Further, no action taken or failed to be taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action, or of any position as to discoverability or admissibility of evidence.

15. The obligations imposed by the Protective Order shall survive the termination of this action.

**IT IS SO ORDERED** this _____ day of _____, 20__.

_____
Judge, United States District Court
Southern District of Iowa

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at: [full address including county and zip code]

I am currently employed by: [full name and address of company]

My current job title is:

I have read and I understand the terms of the Protective Order dated _____, filed in Case No.:4:25-cv-00124-SHL-SBJ, pending in the United States District Court for the Southern District of Iowa. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall destroy or return to the attorney from whom I received them, any documents in my possession designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Southern District of Iowa for the purpose of enforcing or otherwise providing relief relating to the Protective Order. I acknowledge that violation of the Protective Order may result in penalties for contempt of court.

Name:

Job Title:

Employer:

Business Address:

Executed on: _____      _____
               (Date)                          (Signature)

Subscribed and sworn to before me by the said _____

this ____ day of _____, 20____.

                                         _____
                                         Notary Public in and for the State of _____