**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| JUAN HERNANDEZ<br><br>Plaintiff,<br><br>v.<br><br>AERO SERVICE GROUP, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-CV-00124-SHL-SBJ |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

***FILED <u>REDACTED</u> PURSUANT TO COURT ORDER***

Plaintiff Juan Hernandez ("Plaintiff") and Defendant Aero Service Group, Inc. ("Defendant") by and through their undersigned counsel, jointly move this Court for approval of the parties' Settlement Agreement resolving Plaintiff's claims under the Fair Labor Standards Act, and for dismissal of this of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). In support of their Motion, the parties state as follows:

## I. BACKGROUND

1. Plaintiff filed this action asserting claims against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, arising from Plaintiff's employment with Defendant and including allegations that Defendant misclassified Plaintiff as an exempt employee, failed to maintain adequate records, failed to pay Plaintiff for all hours worked, and failed to pay overtime compensation for hours worked in excess of forty in a workweek. (Doc. No. 1-2 at ¶¶ 27-30.)

2. Defendant denies Plaintiff's allegations and disputes both liability and the amount of damages allegedly owed. (Doc. No. 4.)

3. The parties have engaged in discovery and investigation sufficient to evaluate the factual and legal issues presented by Plaintiff's claims, including an exchange of interrogatories and requests for production, significant document production, and depositions of both Plaintiff as well as multiple Defendant-employee witnesses.

4. After arms-length negotiations, including mediation with Retired U.S. District Court Judge Mark W. Bennett, the parties reached a negotiated resolution of Plaintiff's claims. The parties entered into a written Settlement Agreement and Release ("Settlement Agreement") attached hereto as Exhibit A.

5. The Settlement Agreement provides for a total payment by Defendant of $**REDACTED** consisting of:

a. $**REDACTED** to be paid to Plaintiff, which is calculated to be 100% of Plaintiff's alleged unpaid hourly pay, overtime pay, liquidated damages, and any other damages alleged under the FLSA;

b. $**REDACTED** to be paid to Shindler Anderson Goplerud & Weese P.C. as attorneys' fees; and

c. $**REDACTED** to be paid to Erbe Law Firm as attorneys' fees.

6. The parties have requested that portions of the Settlement Agreement and this Motion be redacted with unredacted versions filed under seal because the settlement amount and related financial terms are confidential. The Court granted the parties leave to file these materials under seal on August 18, 2026. (Doc. No. 22.)

7. The parties now jointly move this Court for approval of the Settlement Agreement and dismissal of this of this action with prejudice consistent with the standard set forth in *Rowe v. Iowa*, No. 419CV00256SHLSBJ, 2023 WL 7101875 (S.D. Iowa Aug. 21, 2023); *Guy v. DMG Installations, Inc.*, No. 4:20-CV-00331-SBJ, 2021 WL 4973251 (S.D. Iowa Oct. 22, 2021); and related case law.

## II. THE SETTLEMENT RESOLVES A BONA FIDE DISPUTE

8. The Settlement Agreement resolves bona fide disputes between Plaintiff and Defendant, including as to both liability and damages related to Plaintiff's FLSA claims.

9. Plaintiff contends that Defendant violated the FLSA by misclassifying Plaintiff as an exempt employee, failing to maintain adequate records, failing to pay Plaintiff for all hours worked, and failing to pay Plaintiff overtime compensation for all hours worked in excess of forty in a work week. (Doc. No. 1-2 at ¶¶ 27-30.) Plaintiff alleges he is entitled to damages for unpaid wages; unpaid overtime compensation; liquidated damages; and attorneys' fees, costs, and other relief. (*Id.* at ¶ 30.).

10. Defendant denies Plaintiff's claims and maintains, among other defenses, that Plaintiff was always correctly classified under the FLSA; that Plaintiff was paid for all hours worked including all applicable overtime; that Defendant maintained all required records; and that Plaintiff's claims are beyond the applicable statute of limitations. (Doc. No. 4.) Defendant denies that Plaintiff is entitled to any damages or relief in this matter whatsoever. (*Id.*)

11. The parties have litigated this matter through counsel for over 17 months, including extensive written discovery and deposition practice as well as participation in formal mediation.

12. The parties therefore have a bona fide dispute concerning the application of the FLSA to the facts of this case.

13. The Settlement Agreement represents a compromise of those disputed claims and is not an attempt to compromise wages that the parties agree are indisputably owed.

## III. THE SETTLEMENT IS FAIR AND EQUITABLE

14. The parties respectfully submit that the Settlement Agreement is a fair and equitable resolution of the disputed FLSA claims.

15. In evaluating the settlement, the parties considered the strengths and weaknesses of Plaintiff's claims, Defendant's defenses, the amount of damages Plaintiff could potentially recover if successful, the risks associated with continued litigation, the costs and delay associated with further proceedings, and the certainty and promptness of the negotiated recovery.

16. A broad array of factors demonstrate that the Settlement Agreement is fair and equitable under applicable law, including but not limited to:

a. Plaintiff initiated the claim in the lawsuit and now desires to settle it;

b. Plaintiff is represented by counsel experienced in FLSA matters;

c. Defendant has not exercised undue leverage or influence over Plaintiff;

d. The compensation Plaintiff will receive is appropriate given the claims and defenses in this matter;

e. The Settlement Agreement includes compensation for Plaintiffs' attorneys' fees;

f. Extensive discovery has taken place;

g. In the absence of settlement, Plaintiff would be forced to endure expensive and time-consuming ongoing litigation, including dispositive motion practice and potentially a jury trial;

h. The settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;

i. There is no evidence of fraud or collusion; and

j. The Settlement Agreement is the product of arm's-length bargaining, including a full day of formal mediation with Retired U.S. District Court Judge Mark W. Bennett.

17. The parties therefore respectfully submit that the Settlement Agreement reflects a reasonable compromise of disputed FLSA claims and is fair and equitable.

## IV. THE ATTORNEYS' FEES WERE NEGOTIATED SEPARATELY AND THERE IS NO CONFLICT OF INTEREST

18. The Settlement Agreement provides for payment of attorneys' fees to Plaintiff's counsel.

19. The Court need not review "settled attorney fees" agreed to in connection with a settlement of FLSA claims. *Barbee v. Big River Steel*, LLC, 927 F.3d 1024, 1027 (8th Cir. 2019). District courts, however, retain "the authority to ensure [(1)] the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and [(2)] there was no conflict of interest between the attorney and his or her client." *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853–54 (8th Cir. 2021) (citing *Barbee* 927 F.3d at 1027 n.1).

20. The parties confirm that the attorneys' fees in this matter were negotiated separately and without regard to Plaintiff's FLSA claim. Further, Plaintiff's counsel's request for fees does not create a conflict of interest between Plaintiff and Plaintiff's counsel concerning the amount of Plaintiff's FLSA recovery.

21. Specifically, the attorneys' fees at issue in this matter were separately negotiated and calculated pursuant to a preexisting contractual retainer agreement between Plaintiff and his counsel.

## V. DISMISSAL WITH PREJUDICE

22. Because the parties have resolved all claims asserted by Plaintiff in this action, the parties respectfully request dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

23. WHEREFORE, the parties respectfully request that the Court enter an Order providing that:

a. The parties have identified a bona fide dispute, including concerning Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Settlement Agreement represents a fair and equitable compromise of those disputed claims.

b. The attorneys' fees and provided for in the Settlement Agreement were negotiated separately from Plaintiff's substantive recovery and the record does not demonstrate a conflict of interest between Plaintiff and Plaintiff's counsel concerning the amount of Plaintiff's recovery.

c. The Settlement Agreement is APPROVED;

d. This action is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(2), with each party to bear its own costs except as otherwise provided by the Settlement Agreement ; and

e. For such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

Dated: August 19, 2026

*<u>/s/ J. Barton Goplerud</u>*
Harley C. Erbe, AT0002430
ERBE LAW FIRM
2501 Grand Avenue, First Floor
Des Moines, Iowa 50312
515-281-1460
harleyerbe@erbelaw.com

J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
Madeleine Miller, AT0015295
SHINDLER ANDERSON GOPLERUD & WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
515-223-4567
goplerud@sagwlaw.com
marty@sagwlaw.com
mmiller@sagwlaw.com

**ATTORNEYS FOR PLAINTIFF**

Dated: August 19, 2026

/s/ *Michael R. Link*
Caitlin R. Gehlen (*pro hac vice*)
Michael R. Link (*pro hac vice*)
LATHROP GPM LLP
80 South Eighth Street
3100 IDS Center
Minneapolis, MN 55402
612.632.3000
caitlin.gehlen@lathropgpm.com
michael.link@lathropgpm.com

Frances M. Haas, AT0009838
NYEMASTER GOODE, P.C.
625 First Street SE, Suite 400
Cedar Rapids, IA 52401
319.286.7000
fmhass@nyemaster.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that an UNREDACTED true and correct copy of the foregoing was served via Email a REDACTED true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system on this the 19th day of August 2026, on the following:

All parties and counsel in this matter

*/s/ Michael R. Link*