# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between the undersigned parties, Juan Hernandez ("Hernandez") and Aero Services Group, Inc. ("Aero") (each a "Party" and collectively, the "Parties").

## RECITALS

**WHEREAS**, Hernandez was employed by Aero until on or about April 11, 2024;

**WHEREAS**, Hernandez commenced a lawsuit against Aero in the Polk County District Court, captioned *Juan Hernandez v. Aero Services Group, Inc.*, Case No. LACL161851, alleging violations of the Fair labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), on or about March 10, 2025 (the "Action");

**WHEREAS**, Aero removed the Action to the United States District Court for the Southern District of Iowa (the "Court"), captioned *Juan Hernandez v. Aero Services Group, Inc.*, Case No. 4:25-CV-00124-SHL-SBJ, on or about April 3, 2025;

**WHEREAS**, Aero denies the allegations in the Action and denies that it is liable to Hernandez in any way whatsoever;

**WHEREAS**, the Parties and their counsel attended a mediation before Retired U.S. District Court Judge Mark W. Bennett on May 5, 2026, which resulted in this Agreement;

**WHEREAS**, in order to avoid the expense, inconvenience, and uncertainty of further litigation, and without any admission of liability or wrongdoing by any Party, the Parties mutually desire to resolve any and all disputes between and among them, including but not limited to those asserted in the Action and pursuant to the FLSA;

**WHEREAS**, the Parties are and have been represented by legal counsel at all times throughout the claims and litigation processes, negotiation, preparation, and execution of this Agreement, and all Parties have had the full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel;

**WHEREAS**, the Parties have carefully considered other alternatives to resolving the Action and all claims therein and have entered into this Agreement knowingly, voluntarily, and without coercion.

**NOW, THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants and promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, hereto

**IT IS HEREBY AGREED** by and between the Parties as follows:

1. **Separation Date; No Future Employment.** Hernandez agrees that his employment with Aero ended effective April 11, 2024 (the "Separation Date"). Except as otherwise provided in this Agreement, all of Hernandez's employment benefits and privileges ended as of the Separation Date. Hernandez further agrees not to seek or be entitled to employment with Aero or any of its parent companies, subsidiaries, affiliated or successor organizations in the future.

2. **Submission of Agreement for Court Approval; Dismissal of Action With Prejudice.** The Parties agree to jointly provide this Agreement to the Court for review and approval [with financial terms under seal or otherwise on a confidential basis], together with the proposed Order of Voluntary Dismissal with Prejudice attached to this Agreement as Exhibit A. This Agreement shall not become final and binding upon the Parties until it has been approved by the Court as a fair and reasonable disposition of the FLSA claims asserted by Hernandez in the Action and the Court's Dismissal of the Action with Prejudice as provided herein.

In the event the Court approves this Agreement, then the Parties shall be irrevocably bound by all of the terms of this Agreement, including, but not limited to, the release of claims set forth in Section 6 below.

In the event the Court does not approve this Agreement or the Court does not enter an Order of Dismissal of the Action with Prejudice as provided above, then this Agreement shall be null and void, although the Parties hereby agree to use their best efforts to address the Court's stated concerns and will attempt to reach agreement to modify said concerns in a an amended Settlement Agreement within 30 days of the Court's decision, or as soon as practicable thereafter.

3. **Settlement Payment.** Provided that Hernandez timely signs this Agreement, does not rescind this Agreement as permitted below, and complies with his obligations to Aero set forth or referenced in this Agreement, Aero shall pay Hernandez a settlement payment in the total gross amount of [redacted] (the "Settlement Payment").

Aero shall issue the Settlement Payment in three (3) parts as follows:

A. The gross amount of [redacted] will be paid to Hernandez. This amount is calculated to be 100% of Hernandez's alleged unpaid hourly pay, overtime pay, liquidated damages, and any other damages alleged under the FLSA. The amount will be reported to Hernandez on a Form W-2. This payment will be subject to all

required deductions and withholdings. Hernandez agrees to provide Aero with a Form W-4 to complete this payment.

B. The gross amount of [redacted] will be paid to Hernandez's attorneys, Shindler Anderson Goplerud & Weese P.C., as contribution to attorneys' fees incurred by Hernandez in the process of this Action and, consistent with applicable tax law, will be reported in full to both the law firm and to Hernandez on Forms 1099. Counsel agrees to provide Aero with a Form W-9 for this purpose that shows an EIN for Shindler Anderson Goplerud & Weese P.C.

C. The gross amount of [redacted] will be paid to Hernandez's attorneys, Erbe Law Firm, as contribution to attorneys' fees incurred by Hernandez in the process of this Action and, consistent with applicable tax law, will be reported in full to both the law firm and to Hernandez on Forms 1099. Counsel agrees to provide Aero with a Form W-9 for this purpose that shows an EIN for Erbe Law Firm.

The three (3) payments shall be delivered to Shindler Anderson Goplerud & Weese P.C., c/o J. Barton Goplerud, 5015 Grand Ridge Drive, Suite 100, West Des Moines, Iowa 50265-5749 within thirty (30) calendar days of the later of 1) Court approval of the Agreement and Dismissal of the Action with Prejudice addressed above in Section 2, or 2) Expiration of the rescission period addressed below in Section 13.

By signing this Agreement, Hernandez acknowledges that he is responsible for all tax obligations. Aero has not made any representation to Hernandez regarding tax consequences, and Hernandez agrees to indemnify Aero if such treatment is found improper. This indemnity and hold harmless agreement will apply to the full amount of any such liens, actions, claims, or assessments and any professional fees or expenses incurred by Aero and the other indemnified parties and people in connection therewith.

4. **Bona Fide Dispute; Fair and Equitable Resolution.** Consistent with *Rowe v. Iowa,* No. 419CV00256SHLSBJ, 2023 WL 7101875, at *1 (S.D. Iowa Aug. 21, 2023), and related caselaw, the Parties agree that the Action involved a bona fide dispute of FLSA claims and that this Agreement is a fair and equitable settlement of that dispute.

5. **No Other Payments or Benefits.** Hernandez agrees that after receipt of the Settlement Payment he will have been paid all compensation earned by him as a result of his employment with Aero. Hernandez understands and agrees that, except for the Settlement Payment, he shall receive no other compensation or benefits from Aero and he shall not participate in the company's benefit plans except to the extent he may be entitled to do so under state and federal benefits continuation laws. All of Hernandez's rights under such plans shall be governed in accordance with the terms of such plans.

Hernandez further specifically agrees that the consideration described in Section 2 constitutes full and complete payment for all hours or weeks he worked, for which he claims he did not receive adequate pay. Hernandez represents and agrees that upon receipt of the consideration in Section 2, he will not be owed any amounts for unpaid wages, hours, or weeks of work under state or federal law. Hernandez represents and agrees that the amount paid in Section 2 is a correct and accurate accounting for all hours or weeks of work in dispute, and for which he believes he is due or owed payment for the pay periods comprising the three-year period prior to the initiation of the Action. Hernandez represents and agrees that, upon receipt of the consideration in Section 2, he will have been paid all forms of wages or compensation owed to him, including overtime compensation and any potential liquidated damages.

6. **Release of Claims.** In consideration of Aero entering into this Agreement, the Settlement Payment, and other undertakings stated herein (collectively, the "Consideration"), the receipt and sufficiency of all of which are hereby acknowledged, Hernandez, on behalf of himself and his descendants, dependents, heirs, executors, administrators, assigns, and successors hereby waives and releases any and all claims that he may have against Aero and its respective predecessors, successors, assigns and/or affiliated entities and all of their respective employee benefit plans, plan administrators, officers, directors, shareholders, members, owners, administrators, agents, employees, attorneys, accountants, insurers, representatives, predecessors, successors and assigns, and any individual or entity which could be jointly liable with Aero whether in their individual or official capacities, (together, "Released Parties"), from each and every legal claim or demand of any kind, whether known or unknown, suspected or unsuspected, existing at any time up to and including the date of his signing of this Agreement, including without limitation any claim or demand in any way arising out of or related to (a) the Action; (b) Hernandez's employment with Aero or the end of that employment; (c) any action or

omission by any of the Released Parties related to Hernandez; and/or (d) any other dispute or disagreement of any kind between the Parties.

Hernandez understands and agrees that this Agreement is a full, final, and complete settlement and release of the Released Parties of all of his claims, allegations, rights, counts, demands, and causes of action against them, whether known or unknown, suspected or unsuspected, whether in law or equity, including but not limited to any claims or rights that he may have under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq., the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., 29 U.S.C. § 626 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626 et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., the Equal Pay Act, 29 U.S.C. § 206 et seq., the National Labor Relations Act, 29 U.S.C. § 1501 et. seq, any Iowa employment or other law (including but not limited to the any and all claims under the Iowa Civil Rights Act of 1965 and Iowa's Wage Payment Collection Law); any Minnesota employment or other law (including but not limited to any and all claims under the Minnesota Equal Pay for Equal Work Law, the Minnesota Termination of Sales Representatives Act, the Minnesota Whistleblower Act, the Minnesota Whistleblower Protection Laws, the Minnesota Parental Leave Act, other claims allowed under Minnesota Statute Chapters 177, 181, or 363A) and any other foreign, federal, states', or local governments' laws, regulations, or executive orders governing or relating to employment. Hernandez further understands and agrees that he is releasing any claims, allegations, rights, counts, demands, and causes of action against the Released Parties, whether known or unknown, suspected or unsuspected, whether in law or equity, that she may have for personal gain with respect to any claim arising under the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730, damages or attorney's fees of any kind, liquidated damages, statutory damages, penalties, interest, costs, payment of compensation, benefits, unpaid wages, unpaid overtime, stock, or stock options of any kind, fraud or misrepresentation, promissory estoppel, wrongful or constructive discharge, defamation, invasion of privacy, breach of covenant of good faith and fair dealing, reprisal or retaliation, breach of contract, unjust enrichment, negligence, negligent hiring, supervision and retention, intentional or negligent infliction of emotional distress, and any other claims arising under any law.

Notwithstanding the foregoing, this Agreement does not release any rights or claims arising from acts occurring after Hernandez signs this Agreement. Furthermore, this Agreement does not release any post-separation rights Hernandez may have under an ERISA welfare benefit or pension plan that are specifically provided for in the applicable plan document or required by law, any rights Hernandez may have under any plan subject to Section 409A of the Internal Revenue Code of the United States to the extent the release would cause a violation of Section 409A, or any rights to post-separation benefits continuation under state or federal law. This Agreement also does not prevent the Parties from pursuing any claim to enforce this Agreement, or any right or claim that by law may not be waived.

7. **No Admission of Liability**. This Agreement is not an admission of liability and shall not be construed, in any way, as an admission of any liability or wrongdoing by Aero or any of the Released Parties. In fact, Aero expressly denies any liability or wrongdoing with respect to Hernandez. This Agreement may not be used as evidence in any proceeding, except in an action alleging breach of this Agreement or to enforce the provisions of this Agreement.

8. **Confidentiality of Financial Terms**. Hernandez and Aero agree to keep confidential the financial terms of this Agreement and not to share such information with anyone, except that (a) Hernandez may reveal such information to his spouse and to his attorneys, accountants, or other financial advisors, if he first obtains in writing each of their agreement to be bound by and to comply with the confidentiality terms of this provision; (b) Aero may reveal such information to its personnel and business affiliates with a need to know such information and to its attorneys, accountants, other financial advisors, and insurers; and (c) Hernandez and Aero may reveal such information to appropriate governmental agencies or as required by law.

9. **Nondisparagement**. Hernandez agrees that he held a management position with Aero. He agrees not to directly or indirectly disparage Aero or any subsidiary or affiliated entity or any of their current or former directors, officers, employees, representatives, or agents. Notwithstanding the foregoing, this provision shall not preclude Hernandez from making truthful statements to any government agency, from making truthful statements pursuant to any lawful subpoena, or from exercising any legally protected rights he may have under the National Labor Relations Act.

10. **Breach of Settlement Agreement**. If Hernandez asserts any claim against Aero or any of the other Releasees in violation of this Agreement, or if either Party otherwise breaches any material provision of this Agreement, the Party breaching the Agreement will be obligated to compensate the non-breaching Party for all damages resulting from such breach, including, but not limited to, damages and any other relief to which non-breaching party is entitled, including costs and attorneys' fees that the non-breaching Party incurs as a result of the breach, to the maximum extent permitted by law.

11. **Representations.** Hernandez represents and warrants that: (a) this Agreement is not based on the assertion of any allegations or claims by him of sexual harassment or sexual abuse by any of the Released Parties; (b) he is legally able and entitled to receive the Settlement Payment; (c) he is not currently eligible to receive or receiving any Medicare Program benefits; (d) he has not been involved in any personal bankruptcy or other insolvency proceedings at any time since he began his employment with Aero; and (e) no child support orders, garnishment orders, or other orders requiring that money owed to him by any Released Party be paid to any other person are now in effect. Hernandez understands that Aero is reasonably relying on his representations in this Section in entering into this Agreement.

12. **Review Period; Opportunity to Consider and Seek Counsel**. Hernandez acknowledges his understanding that this Agreement will have important effects on his legal rights if he signs (and does not rescind) it. Hernandez acknowledges that he has been given a reasonable time period of twenty-one (21) days to review and consider this Agreement before signing it. Hernandez understands that he may use as much or as little of this time period as he wishes prior to signing this Agreement. Hernandez understands that upon the expiration of this time period, this offer may be revoked by Aero if it has not by then been signed by him. Hernandez acknowledges that he has been represented by his attorneys in connection with this Agreement and that he has had sufficient opportunity to consult with his attorneys before signing this Agreement.

13. **Opportunity to Rescind**. Hernandez understands that he may rescind (in other words, cancel or revoke) this Agreement for any reason within fifteen (15) days after he has signed it. If Hernandez decides to rescind this Agreement, he must do so by mailing his notice of rescission, which must be postmarked within the fifteen (15) day period and addressed to: Michael R. Link, Lathrop GPM, 80 South 8th Street, 3100 IDS Center, Minneapolis, MN 55402, and must be sent by certified mail, return receipt requested.

14. **Miscellaneous.**

a. **Complete Agreement.** The Parties agree that this Agreement contains their entire agreement regarding Hernandez's employment and separation from employment with Aero, settlement of the Action, and all other disputes between them. There are no other written or oral agreements regarding these subjects.

b. **Applicable Law.** This Agreement will be construed and interpreted in accordance with the laws of the state of Iowa, without regard to its choice of law provisions, and any action arising out of or related to this Agreement shall be brought only within state or federal courts for Iowa, whether or not that forum is then convenient to Hernandez or Aero.

c. **Modification.** This Agreement shall not be modified or amended except by a written instrument signed by Hernandez and Aero. No waiver of any provision

of this Agreement shall be binding unless set forth in a writing signed by the Party granting the waiver, and any waiver shall be limited to the circumstance or event specifically referenced in the written waiver document.

d. **Remedies.** The Parties acknowledge and agree that any violation of this Agreement would cause irreparable harm for which the remedy at law would be inadequate. As such, the Parties agree that, in addition to any other relief afforded by law or this Agreement, including damages sustained by a breach of this Agreement, and without any necessity of proof of actual damages or posting any bond, both Parties will have the right to enforce this Agreement by specific remedies which include, among other things, temporary and permanent injunctions.

e. **Severability; Blue Pencil.** The invalidity or partial invalidity of any portion of this Agreement shall not invalidate the remainder thereof and said remainder shall remain in full force and effect. Moreover, if one or more of the provisions contained in this Agreement shall, for any reason, be held to be excessively broad as to scope, activity, subject, or otherwise, so as to be unenforceable at law, such provision or provisions shall be construed by the appropriate judicial body by limiting or reducing it or them, so as to be enforceable to the maximum extent compatible with then applicable law.

f. **Intended Third-Party Beneficiaries.** The Released Parties are intended third-party beneficiaries of this Agreement. The provisions of this Agreement shall inure to the benefit and/or obligation of the Parties, their successors and assigns, and shall be binding upon the Parties and their heirs, executors, administrators, successors, and assigns.

g. **Headings.** The section headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

h. **Non-Interference.** Nothing in this Agreement is intended to or shall preclude Hernandez from cooperating with any appropriate federal, state, or local government enforcing employment discrimination laws in connection with any investigation or proceeding conducted by any such agency.

i. **Parties to Bear Fees and Costs**. Except as specifically provided herein, Aero and Hernandez shall bear their own attorneys' fees, expenses and costs incurred as a result of or in association with the Action and any claims therein, and this Agreement.

j. **Signature.** The Parties have each read this Agreement, know its contents, and have signed it as a free and voluntary act having had adequate opportunity to

consider its terms and conditions and to consult with counsel of their choosing. The Parties agree that this Agreement may be executed in counterparts, including electronic signatures with an audit trail, and transmitted by e-mail, and each such executed counterpart shall be deemed an original.

Date: 07-29-2026 Juan J Hernandez GCB 7-29-26
JUAN HERNANDEZ

Date: 08/17/2026

AERO SERVICES GROUP, INC.

By ______________________

Its President



82703211v4

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| JUAN HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>AERO SERVICE GROUP, INC.,<br><br>Defendant. | Case No.: 4:25-CV-00124-SHL-SBJ<br><br>**ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE** |

Upon the joint application of Plaintiff and Defendant, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving their settlement agreement in this action, and the parties having consented to the entry of this Order, and sufficient cause appearing for the same after due deliberation, it is HEREBY ORDERED AS FOLLOWS:

1. The Parties' settlement has been negotiated in good faith and at arm's length by the Parties through their respective counsel.
2. The settlement is approved as a fair and reasonable disposition of the bona fide dispute between the Parties, including Plaintiff's alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*
3. Accordingly, this action, and all the claims asserted herein by Plaintiff, is hereby dismissed in its entirety and with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: ________________, 2026

______________________________
United States District Court Judge